**DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

| | |
|---|---|
| **ELMINIO SOTO,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No. 2021-0267** |
| ) | |
| **PHILIP MORRIS USA, INC., R.J. REYNOLDS** ) | |
| **TOBACCO COMPANY, ISLAND SAINTS CORP.,** ) | |
| **WORLD FRESH MARKET LLC** *d/b/a* **PUEBLO** ) | |
| **SUPERMARKETS, and CULUSVI, INC.** *d/b/a* ) | |
| **COST-U-LESS,** ) | |
| ) | |
| **Defendants.** ) | |

**Attorneys:**
**J. Russell B. Pate, Esq.,**
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
**Michael Alvarez, Esq.,**
Coral Gables, FL
    *For Plaintiff*

**Kevin A. Rames, Esq.,**
St. Croix, U.S.V.I.
**James D. Gardner, Esq.,**
Miami, FL
**Thomas J. Sullivan, Esq.,**
Philadelphia, PA
    *For Defendant Philip Morris USA, Inc.*

**Chad C. Messier, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendants R.J. Reynolds Tobacco Company,*
    *Island Saints Corp., World Fresh Market LLC d/b/a Pueblo*
    *Supermarkets, CULUSVI, Inc. d/b/a Cost-U-Less*

**Christina Upton Douglas, Esq.,**
**Rachel E. Keen, Esq.,**
Winston-Salem, NC
**Katrina L. S. Caseldine, Esq.,**
**Jonathon A. Fligg, Esq.,**
**Simon Hansen, Esq.,**

**Randall M. Hawkins, Esq.,**
Atlanta, GA
**Jacqueline M. Pasek, Esq.,**
**Michael S. Quinlan, Esq.,**
**Marc Walters, Esq.,**
Cleveland, OH
**Alan K. Windham, Esq.,**
**Katherine J. Zimmerman, Esq.,**
Raleigh, NC
    *For Defendant R.J. Reynolds Tobacco Company*

## **MEMORANDUM OPINION**

**Lewis, District Judge**

THIS MATTER comes before the Court on Plaintiff Elminio Soto's ("Plaintiff") Motion to Remand (Dkt. No. 11). Defendant Philip Morris USA has filed an "Opposition to Plaintiff's Motion to Remand" ("Opposition") (Dkt. No. 16), and Plaintiff has filed a Reply thereto (Dkt. No. 20). For the reasons that follow, the Court will grant Plaintiff's Motion to Remand.

### I.    FACTUAL BACKGROUND

This litigation arises from a Complaint filed by Plaintiff Elminio Soto ("Plaintiff") in the Superior Court of the Virgin Islands, St. Croix Division ("Superior Court") on September 16, 2020. (Dkt. Nos. 1-2 to 1-6). Plaintiff brought his claims against various manufacturers and retailers of cigarettes: Philip Morris USA, Inc. ("PM USA"), R.J. Reynolds Tobacco Company ("R.J. Reynolds"), Liggett Group LLC, West Indies Company, Bellows International, Island Saints Corp.,[1] World Fresh Market LLC d/b/a Pueblo Supermarkets ("Pueblo"), and CULUSVI, Inc. d/b/a Cost-U-Less ("Cost-U-Less"). (Dkt. No. 1-2 at 1). Following voluntary dismissals of Liggett Group, West Indies Company, and Bellows International, five Defendants remain in this action.

---

[1] When the Complaint was filed, Plaintiff named Topa Equities VI Corporation as a defendant. (Dkt. No. 1-2). On April 7, 2022, the District Court granted the parties' "Consent Motion to Amend Case Caption" (Dkt. No. 81) to replace Topa Equities VI Corporation with Island Saints Corp., because of a change in the Corporation's legal name. (Dkt. No. 82).

(Dkt. Nos. 1-7, 1-17 at 3). PM USA and R.J. Reynolds are diverse from Plaintiff, while Island Saints Corp., Pueblo, and Cost-U-Less (collectively, "the Retailers") are non-diverse. (Dkt. No. 1-2 at 1).

In his Complaint, Plaintiff alleges that Defendants engaged in the design, manufacture, advertisement, marketing, distribution, and/or sale of cigarette products which substantially contributed to causing the development of smoking related diseases, including, but not limited to, his laryngeal cancer. (Dkt. No. 1-2 at 4). Plaintiff brings six claims against R.J. Reynolds: (1) strict products liability; (2) negligent performance of a voluntary undertaking; (3) negligence; (4) breach of implied warranty of merchantability; (5) fraudulent concealment and misrepresentation; and (6) civil conspiracy. (Dkt. Nos. 1-5, 1-6). Plaintiff also brings fraudulent concealment and misrepresentation and civil conspiracy claims against PM USA, while bringing claims of strict products liability under 5 V.I.C. § 31(5)(A) and breach of implied warranty of merchantability under 11A V.I.C. § 2-725 against the Retailers. *Id*.

On December 28, 2020—in response to Joint Stipulations filed by the parties to extend the time to respond to the Complaint—the Superior Court ordered all Defendants to file their Answer no later than January 19, 2021. (Dkt. No. 1-17 at 8-11). The Order provides:

> Having reviewed the filings to date in these cases, and mindful of the extensions already granted as well as the deferrals caused by the several administrative orders issued this year due to the COVID-19 pandemic, the Court **APPROVES** all pending stipulations and **GRANTS** all pending motions for additional time. All Defendants **MAY** have until **Tuesday, January 19, 2021** to file their answers but *no longer*. **NO ADDITIONAL EXTENSIONS** of time will be granted. Each complaint filed in the above-captioned cases numbers over sixty pages. That should be sufficient for each Defendant to assess, for example, whether venue is proper, whether the Plaintiff has stated a claim for relief, or whether personal jurisdiction in the Superior Court is proper. The question at this juncture is not whether the Plaintiff will prevail but rather whether the complaint provides enough information for the Defendants to admit or deny the allegations, determine what affirmative defenses, if any, to assert, and which persons or companies, if any, to implead.

3

*Id*. at 10.

On January 4, 2021, the Retailers filed Motions for a More Definite Statement pursuant to Rule 12(e) of the Virgin Islands Rules of Civil Procedure.[2] (Dkt. No. 1-16 at 75-103). In their Motions, the Retailers assert that Plaintiff's claims are vague and ambiguous, and that he failed to include sufficient information in the Complaint to allow the Retailers to assess the timeliness of his claims and respond with any time-related affirmative defenses. *Id*. The Retailers sought to have the Superior Court order Plaintiff to plead his claims against each Retailer separately, as well as the time periods when he purchased cigarettes from each Retailer, the name and location of each Retailer from which he purchased cigarettes, the brands distributed by each Retailer, and the specific defect(s) in each brand distributed. *Id*. As of the date of removal, the Superior Court had not ruled on the Motions or the Retailers' later request—filed on January 15, 2021—for an order clarifying the deadline for filing their Answers. (Dkt. No. 16-1).

On August 9, 2021, PM USA removed the action to this Court, asserting that the non-diverse Retailers were fraudulently joined in the action. (Dkt. No. 1). Subsequently, on September 8, 2021, Plaintiff filed a Motion to Remand arguing that PM USA could not satisfy its heavy burden of proving that Plaintiff fraudulently joined the Retailers to defeat diversity jurisdiction. (Dkt. No. 11). Plaintiff argues that by failing to comply with the Superior Court's Order to file an Answer by January 19, 2021, the Retailers waived affirmative defenses, including the statute of limitations, such that Plaintiff's claims against the Retailers are not time-barred. (Dkt. No. 12 at 8-9). Plaintiff further argues that even if the Retailers have not waived their statute of limitations defense, the discovery rule applies to their claims and would ultimately toll the clock on the statute

---

[2] Rule 12(e) of the Virgin Islands Rules of Civil Procedure provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." V.I. R. Civ. P. 12(e).

4

of limitations. *Id*. at 12-20. In this regard, Plaintiff argues that because the application of the discovery rule in this case relies on a factual determination—when a party knew or should have known the cause of his injury—such an analysis on a fraudulent joinder review would impermissibly intrude into the merits of the case. *Id*. at 19-20. Accordingly, Plaintiff maintains that the matter should be remanded to the Superior Court. *Id.* at 20.

PM USA filed its Opposition on October 6, 2021. (Dkt. No. 16). In its Opposition, PM USA argues that the Retailers were fraudulently joined because Plaintiff's strict products liability and breach of implied warranty of merchantability claims against the Retailers are barred by the relevant two- and four-year statutes of limitations, respectively,[3] in that Plaintiff was diagnosed with laryngeal cancer more than two years—and quit smoking more than four years—before he filed his suit in Superior Court in September 2020. *Id*. at 4. This "glaring limitations issue," according to PM USA, stands in sharp contrast to the less clear limitations issue facing the diverse defendants. *Id*. at 9. PM USA also argues that the Retailers have not waived any affirmative defenses—including the statute of limitations—by not filing their Answers by the deadline ordered by the Superior Court, because the Retailers were entitled to move for a more definite statement pursuant to Rule 12(e) of the Virgin Islands Rules of Civil Procedure. *Id.* at 5. Further, with respect to the discovery rule, PM USA contends that there is no colorable basis to toll the statute of limitations for either of the claims against the Retailers. *Id*. at 6. Accordingly, PM USA maintains that removal was proper and this Court has subject matter jurisdiction over the action. *Id*.

---

[3] For strict products liability claims, Title 5 V.I.C. § 31(5)(A), in part, allows for a two-year statute of limitations for commencement of a civil action following the "injury to the person or rights of another not arising on contract." For breach of implied warranty of merchantability claims, per Title 11A V.I.C. § 2-725, "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued."

5

## II.   APPLICABLE LEGAL PRINCIPLES

### A.   Diversity Jurisdiction

It is axiomatic that federal courts are courts of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts possess subject matter jurisdiction only over cases that present a federal question, 28 U.S.C. § 1331, or when diversity of citizenship exists and the value of the claim exceeds $75,000, 28 U.S.C. § 1332(a). For diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1), there must be complete diversity of citizenship between the parties, in that "no plaintiff can be a citizen of the same state as any of the defendants." *Walthour v. City of Philadelphia*, 852 F. App'x 637, 639 (3d Cir. 2021). The burden of establishing a federal court's subject matter jurisdiction rests on the party invoking that jurisdiction. *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016); *The Fred, LLC v. Capstone Turbine Corp.*, No. 1:2020-cv-0029, 2021 WL 1082513, at *1 (D.V.I. Mar. 17, 2021).

### B.   Removal from Superior Court

A defendant in a state (or territorial) civil action may remove the case to federal court if the federal court would have had jurisdiction to hear the matter in the first instance. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992); *The Fred, LLC*, 2021 WL 1082513, at *1. The strict construction of removal statutes honors Congress' power to determine the contours of the federal court's limited subject matter jurisdiction. *See Bowles v. Russell*, 551 U.S. 205, 212-13 (2007) ("Because Congress decides whether federal courts can hear cases at all, it can also determine when, and under what conditions, federal courts can hear them."); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941) (removal statutes evidence Congress' purpose to

restrict the jurisdiction of the federal courts on removal); *see also Carlsberg Resources Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1257 n.8 (3d Cir. 1977) (Congress has restricted diversity jurisdiction, "relieving the federal courts of the overwhelming burden of 'business that intrinsically belongs to the state courts' in order to keep them free for their distinctive federal business"). The defendant bears the burden of establishing that removal is proper. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

### C. Fraudulent Joinder

The fraudulent joinder doctrine is an exception to the requirement that removal must be predicated on complete diversity. *See In re Briscoe*, 448 F.3d at 201, 215-16 (3d Cir. 2006). Where complete diversity is lacking, "the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *Id.* at 216.

Joinder of a non-diverse defendant is considered fraudulent where there is (1) "no reasonable basis in fact or colorable ground" supporting any claim against the non-diverse defendant, or (2) "no real intention in good faith to prosecute the action against the non-diverse defendant." *Batoff*, 977 F.2d at 851; *In re Briscoe*, 448 F.3d at 216 (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)). A claim is colorable if it is not "wholly insubstantial and frivolous." *Batoff*, 977 F.2d at 852. A removing defendant bears a "heavy burden of persuasion" to establish fraudulent joinder. *Boyer*, 913 F.2d at 111.

In analyzing a fraudulent joinder claim, "the district court must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Boyer*, 913 F.2d at 111. The fraudulent joinder inquiry is not governed by the Rule 12(b)(6) standard, which is "more searching than that

7

permissible when a party makes a claim of fraudulent joinder." *See Batoff*, 977 F.2d at 852 (observing "it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted"). Rather, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Boyer*, 913 F.2d at 111 (citation omitted). Thus, "fraudulent joinder should not be found simply because [a] plaintiff has a weak case against a non-diverse defendant." *Id.* Instead, a finding of fraudulent joinder "is usually reserved for situations where recovery from the non-diverse defendant is a clear legal impossibility." *Benjamin v. JBS S.A.*, 516 F. Supp. 3d 463, 474 (E.D. Pa. 2021).

Where a defense is equally applicable to the claims asserted against the non-diverse and diverse defendants alike, courts may not find fraudulent joinder. *See Boyer*, 913 F.2d at 113. A court need not "pierce the pleadings" to determine whether there has been fraudulent joinder where the defense—equally applicable to both the non-diverse and diverse defendants—is also likely to be a dispositive determination of the plaintiff's claims. *Id.* (quoting *Chesapeake & Ohio Ry. V. Cockrell*, 232 U.S. 146 (1914)). If the court were to do so, it would be "stepp[ing] from the threshold jurisdictional issue into a decision on the merits." *Boyer*, 913 F.2d at 113; *see also Texas E. Transmission Corp. v. Fidelity & Cas. Co. of N.Y.,* No. CIV. A. 93–15, 1995 WL 596155, at *8 (E.D. Pa. Oct. 6, 1995) (the court could not resolve the validity of affirmative defenses asserted by various diverse and non-diverse parties without resolving the merits of the case).

To determine whether a party has been fraudulently joined to defeat diversity jurisdiction, a court can look beyond the four corners of the pleadings to identify indicia of fraudulent joinder. *In re Briscoe*, 448 F.3d at 220. The Third Circuit has cautioned, however, that in going beyond the

pleadings, a district court must not step "from the threshold jurisdictional issue into a decision on the merits." *See Boyer*, 913 F.2d at 112; *see also Batoff*, 977 F.2d at 852.

### III. DISCUSSION

Cognizant of the strict construction of removal statutes, *Abels*, 770 F.2d at 29, the "wholly insubstantial and frivolous" standard for establishing that there is no colorable ground for a claim, *Batoff*, 977 F.2d at 853, the requirement to resolve all contested issues of substantive fact and uncertainties as to the current state of controlling substantive law in favor of the plaintiff, *Boyer*, 913 F.2d at 111, and the caution against slipping from a threshold jurisdictional issue into a decision on the merits, *In re Briscoe*, 448 F.3d at 218, the Court concludes that this case must be remanded to the Superior Court.

Notwithstanding the Retailers' filing of Motions for a More Definite Statement, followed by a Notice to the Superior Court requesting clarification as to when the Answers should be filed, Plaintiff argues that the Retailers waived any statute of limitations defenses by failing to file their Answers by the Superior Court-imposed deadline. (Dkt. No. 12 at 8). If Plaintiff is correct, this would negate PM USA's primary basis for asserting that Plaintiff has no colorable claim against the non-diverse Retailers. Prior to removal, however, the Superior Court did not rule on the Retailers' Motions for a More Definite Statement or address the Notices for Clarification. (Dkt. No. 16 at 5).

The resolution of this issue is unclear. As a preliminary matter, there is the question as to whether affirmative defenses, including statute of limitations defenses, are waived following a party's failure to file an Answer by a court-imposed deadline when the party has filed a Motion for a More Definite Statement pursuant to V.I. R. Civ. P. 12(e). On the one hand, it would appear that the Rule 12(e) Motion would toll the time to file an Answer under the applicable local rules. Indeed, Rule 12(a)(4) of the Virgin Islands Rules of Civil Procedure allows the moving party

9

additional time to file an Answer once the Rule 12(e) motion has been resolved. *See* V.I. R. Civ. P. 12 (a)(4) ("Unless the Court sets a different time, serving a motion under this rule alters these periods as follows: if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action...."). On the other hand, however, the matter here is rendered more complicated because of the Superior Court's Order itself. In addition to setting a deadline, the then Presiding Judge—noting the delays that had already occurred—emphasized that no further extensions of time to answer would be granted. *See* Dkt. No. 1-17 at 10. ("All Defendants **MAY** have until **Tuesday, January 19, 2021** to file their answers but *no longer*. **NO ADDITIONAL EXTENSIONS** of time will be granted."). Further, as if preempting the precise type of motions subsequently filed by the Retailers, the then Presiding Judge further opined that the over sixty-page Complaint should be sufficient for Defendants to respond, including with affirmative defenses. *Id.* This Court is unaware of—and the parties have not cited to—any authorities remotely analogous to such a situation in support of either of their respective positions.

In view of the foregoing, and the requirement that "any uncertainties as to the state of the controlling substantive law are to be resolved in favor of the plaintiff," *Boyer*, 913 F.2d at 111, the Court cannot conclude—as PM USA does—that the result here is a fait accompli. Moreover, even assuming that Defendants were to prevail in preserving the statute of limitations defense under the circumstances here, Plaintiff's argument is not "so wholly insubstantial or frivolous as to be disregarded." *See Victorin v. Jones Lang LaSalle*, No. CV2018123KMESK, 2021 WL 651200, at *5 (D.N.J. Feb. 18, 2021) (noting that the Third Circuit has repeatedly cautioned district courts to refrain from turning a fraudulent joinder inquiry into an inquiry on whether a plaintiff has stated a

10

plausible claim, rather than whether plaintiff's claim is "wholly insubstantial and frivolous") (citing *In re Briscoe*, 448 F.3d at 218).

Further, even beyond this preliminary waiver issue, the Court cannot delve into the statute of limitations defense because such an inquiry would be an overstep from a jurisdictional assessment into an analysis of the merits of the case. Normally, under Virgin Islands law, the statute of limitations begins to run upon the occurrence of the essential facts which constitute the cause of action. *Phillips v. Firstbank Puerto Rico*, No. CV 13-105, 2017 WL 2470235, at *2 (D.V.I. June 2, 2017). If applicable, however, the discovery rule would operate to prevent the relevant statutes of limitations—in this case the two and four-year limitations periods—from beginning to run where the injury or cause is not readily apparent to the plaintiff at the time the injury occurs. *Id*. (citing *In re Tutu Wells Contamination Litig*., 909 F. Supp. 980, 984 (D.V.I. 1995). Under the discovery rule, the statute of limitations period begins at the time that two conditions are satisfied: (1) when the plaintiff knew or should have known that he had suffered a harm *and* (2) when the plaintiff knew or should have known the cause of his injury.... [B]oth of these determinations are made using an objective, reasonable person standard. *Id*. at 985 (citations omitted). The discovery rule requires a plaintiff to "exercise ... reasonable diligence" to determine the "critical facts" that satisfy both conditions of the rule. *Id*. at 986. "To demonstrate reasonable diligence, a plaintiff must establish [] that he pursued the cause of his injury with those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interests and the interests of others." *L'Henri, Inc. v. Vulcan Materials Co.,* 53 V.I. 794, 800 (D.V.I. Mar. 11, 2010) (quoting *Mest v. Cabot Corp.,* 449 F.3d 502, 511 (3d Cir. 2006)).

Generally, determinations as to whether a plaintiff "failed…to exercise reasonable diligence for purposes of the discovery rule … are typically within the [fact finder's] province[.]" *Bd. of Dirs., Bluebeard's Castle Hilltop Villa Condo. Ass'n v. Cavanaugh (In re Equivest St. Thomas Inc.),* 2010 WL 4343616, at *6 (Bankr. D.V.I. Nov. 1, 2010) (citation omitted). On the other hand, "where the facts are so clear that reasonable minds cannot differ, the commencement [of the statutory limitations] period may be determined as a matter of law." *Smith v. V.I. Port Auth.,* 2010 WL 1381222, at *7 (D.V.I. Mar. 31, 2010) (quoting *Debiec v. Cabot Corp.*, 352 F.3d 117, 128–29 (3d Cir. 2003)). "The purpose of the discovery rule is to ensure that a plaintiff is not unfairly denied right of access to the court because he or she failed to file his or her claim within the statutory time period." *Simmonds v. Gov't of the V.I.,* 2009 WL 1117307, at *4 n.18 (D.V.I. Apr. 22, 2009).

The salient question here with regard to the applicability of the discovery rule is when Plaintiff "knew or should have known the cause of his injury." *Phillips*, 2017 WL 2470235, at *2. As noted above, the Court's inquiry when deciding whether to remand an action to state court in the face of an argument that a defendant was fraudulently joined is limited to whether the claim is colorable and not "wholly insubstantial and frivolous." *Batoff*, 977 F.2d at 852. Under the circumstances here, however, an inquiry into the discovery rule issue is a fact intensive inquiry that would lead the Court beyond the limited inquiry permissible for a jurisdictional review. *See, e.g.*, *Walsh v. Tabby*, No. CIV.A. 02-8283, 2003 WL 1888856 at *3 (E.D. Pa. Apr. 17, 2003) ("An inquiry into whether or not the discovery rule should apply to this matter would require a decision on the merits of Walsh's claim against Dr. Tabby. Such an inquiry is impermissible in a motion to remand.") (citing *Boyer*, 913 F.2d at 108); *Jose v. Hovensa, LLC*, No. 11-CV-0052, 2012 WL 2285203, at *7 (D.V.I. June 18, 2012) (noting that the fact intensive nature of a discovery rule

inquiry in determination of plaintiff's reasonable diligence is usually within the fact finder's province). For purposes of fraudulent joinder, courts have limited their inquiry to whether there is a *possibility* that the discovery rule could apply to the plaintiff's claims. *See, e.g.*, *Kennedy v. Allstate Prop. & Cas. Ins. Co.*, No. CIV A 15-2221, 2015 WL 4111816, at *7 (E.D. Pa. July 8, 2015) (declining to find fraudulent joinder where plaintiff's allegations were sufficient to establish that there was a possibility that the statute of limitations could be tolled by the discovery rule or other tolling exception to plaintiff's negligence claims); *see also Gaul* v. *Neurocare Diagnostic, Inc.*, No. 02-CV-2135, 2003 WL 230800 at *4 (E.D. Pa. Jan. 1, 2003) (granting remand because there was a "possibility that [the discovery rule or another tolling exception] could apply" to plaintiff's claim against doctor).

With regard to Plaintiff's strict products liability claim against the Retailers, it appears that this lawsuit was filed outside the two-year limitations period. Nonetheless, the discovery rule can be applied to strict products liability claims under Virgin Islands law. *See, e.g.*, *L'Henri, Inc.*, 53 V.I. at 801 (applying the discovery rule to a strict products liability claim); *Gerald v. R.J. Reynolds Tobacco. Co.*, 68 V.I. 3, 61 (V.I. Super. Ct. Aug. 29, 2017) (same). Without stepping into a decision on the merits, the Court must determine whether the discovery rule argument militates in favor of remand under the circumstances here—that is, whether there is a possibility that the discovery rule could apply to this matter. The Court finds in the affirmative.

Here, Plaintiff's Complaint, interrogatory responses, and medical records indicate that he received treatment for laryngeal cancer beginning on December 17, 2015, underwent a laryngectomy on June 7, 2016, and quit smoking sometime in 2016. (Dkt. Nos. 1-2 at 5, 1-9 at 8

and 22, 1-13, 1-14).[4] This places into question whether the strict products liability claim is time-barred since it would appear that Plaintiff's cancer diagnosis occurred almost five years before the suit was filed. In considering whether the discovery rule applies, a trier of fact may review, and Plaintiff may develop through other evidence, such as deposition testimony, what Plaintiff learned from his medical providers regarding the cause of his laryngeal cancer at the time of his diagnosis and/or thereafter. *See Gerald*, 68 V.I. at 63 (considering, upon summary judgment motion, deposition testimony regarding plaintiff's communication with medical provider and others regarding the cause of his laryngeal cancer to determine whether discovery rule applied to toll the statute of limitations). Informing the analysis of the discovery rule's applicability would also be information about Plaintiff's own understanding and knowledge regarding his cancer diagnosis and whether he had "more than bare access to necessary information" to begin running the statute of limitations clock.[5] *Id*. (citing to *United Corp. v. Hamed*, 64 V.I. 297, 310 (2016)). In addition, Plaintiff has alleged that Defendants, including the Retailers, "made false or misleading statements" through media campaigns regarding the health and safety of cigarette product consumption for a significant period of time. (Dkt. No. 1-16 at 16). The extent and nature of such allegedly false or misleading publicity and Plaintiff's exposure thereto could also affect the timing of Plaintiff's awareness that his injury was caused by smoking. *Compare In re Massachusetts Diet*

---

[4] A district court is not precluded from a "limited consideration of reliable evidence that the defendant may proffer to support the removal." *See In Re Briscoe*, 448 F.3d at 220.

[5] In *Gerald*, the Superior Court found that plaintiff's strict liability claim was barred by the two-year statute of limitations. 68 V.I. at 62-64. In making its determination, the Superior Court considered that, along with the dates of his diagnosis, the plaintiff's doctor informed him that the cancer could have been caused by smoking. *Id*. at 63. The Superior Court found that the diagnosis of cancer by a physician with an explanation that the cancer could have been caused by cigarette smoking would put a reasonable person on notice that a claim would begin running against the defendant. *Id*.

*Drug Litig.*, 338 F. Supp. 2d 198, 207–08 (D. Mass. 2004) (finding that determination of whether publicity is sufficient to put a plaintiff on notice and trigger the statute of limitations at summary judgment stage requires a fact-intensive inquiry into the pervasiveness and content of the publicity and the particular circumstances for purposes of applying the discovery rule). In view of these imponderables, the Court cannot conclude, as a matter of law—as PM USA does—that Plaintiff's strict products liability claim is time-barred. *See In re Briscoe*, 448 F.3d at 219 ("[A] district court must rule out any possibility that a state court would entertain the cause before holding that joinder of a non-diverse defendant was fraudulent."). Rather, under the governing legal standards—including the "wholly insubstantial and frivolous" standard, *Batoff*, 977 F.2d at 852—the Court concludes that there is a possibility that the discovery rule could apply to the strict products liability claim.

PM USA also argues that the discovery rule does not apply to the claim for breach of implied warranty of merchantability. (Dkt. No. 16 at 7). Of course, whether it applies or not would be inconsequential for purposes of the fraudulent joinder analysis here, in light of the Court's finding above regarding the applicability of the discovery rule to the strict products liability claim. *See Victorin*, 2021 WL 651200, at *2 (finding that a plaintiff need only show that he has one colorable claim against a non-diverse defendant, even if other claims against that defendant are barred). In any event, although it is true that in *Gerald*, 68 V.I. at 129, the Superior Court held that the discovery rule cannot be used to toll the four-year statute of limitations under 11A V.I.C. § 2-725, Virgin Islands courts are now divided as to whether the discovery rule applies in this context. In a later decision—while acknowledging that the Virgin Islands Supreme Court has not opined on whether the discovery rule applies to breach of contract claims brought under 11A V.I.C. § 2-725—another Superior Court judge found that the discovery rule *does* apply to such claims. *See*

15

*Hess Oil Virgin Islands Corp. v. Daniel*, 72 V.I. 676 (Super. Ct. 2020). Hence, the very fact that the Superior Court differs in its resolution of this issue—and the Supreme Court has not yet opined on the issue—shows that the possibility exists that Plaintiff could prevail on this issue in the local court.[6] *See Steele v. Ethicon*, No. CV 19-1053, 2019 WL 9104041, at *1 n.1 (E.D. Pa. June 12, 2019) (citing *Walters v. Holiday Motor Corp.*, No. 7:12-CV-00011, 2012 WL 5465012, at *1 (W.D. Va. May 21, 2012) ("If a court finds even a 'slight possibility of a right to relief' or a 'glimmer of hope' for the plaintiff, the matter should be remanded because the question of whether a cause of action exists against a non-diverse party is a state law issue to be decided by a state court.") (citations omitted).

Further, PM USA's argument that there is a "glaring limitations problem" for the Retailers' strict products liability and breach of implied warranty of merchantability claims, but a less obvious timeliness issue for the fraudulent concealment and misrepresentation and civil conspiracy claims against the diverse Defendants (Dkt. No. 16 at 9) transitions into an invitation for the Court to perform a merits assessment of each of the respective claims, which goes beyond the limited jurisdictional inquiry that is permissible. The Court is not at liberty to determine the meritorious nature of the defenses that are available to the Retailers compared to those available to PM USA

---

[6] As PM USA notes, the Third Circuit has held that the discovery rule does not toll the statute of limitations for a claim of breach of implied warranty of merchantability under Virgin Islands law. *MRL Dev. I, LLC v. Whitecap Inv. Corp.*, 823 F.3d 195, 205-06 (3d Cir. 2016). This presents another complexity because this Court is bound by the Third Circuit's predictions of state law. *Clapps v. State Farm Ins.*, 447 F. Supp. 3d 293, 301-02 (E.D. Pa. 2020). Yet, in a fraudulent joinder analysis, the Court is required to resolve any uncertainties of state law in favor of the plaintiff, and here, Virgin Islands courts are divided on the issue. In any event, even assuming that the Retailers' statute of limitations defenses have not been waived *and* the discovery rule does not apply to the breach of implied warranty of merchantability claim, there is still a strict products liability claim for which there is a possibility that the discovery rule could apply, as discussed above. *See Victorin*, 2021 WL 651200, at *2.

and Reynolds. *In re Briscoe*, 448 F.3d at 217-18 (noting that a district court must not delve into the merits of a claim in a fraudulent joinder inquiry).

Moreover, PM USA cannot escape the principle that courts may not find fraudulent joinder when a defense is equally applicable to non-diverse and diverse defendants alike. PM USA's argument ignores the fact that Plaintiff has alleged the same claims of strict products liability and breach of implied warranty of merchantability against the non-diverse Retailers *and* R.J. Reynolds, a diverse defendant. *See* (Dkt. No. 1-5 at 9). Thus, the same statute of limitations defenses would appear to apply to *both* the Retailers and R.J. Reynolds. Because PM USA's argument that Plaintiff cannot possibly prevail against the Retailers rests on a statute of limitations defense that would appear to apply equally to Plaintiff's claims against R.J. Reynolds, the Court is precluded from finding that the Retailers were fraudulently joined. *Cf. Cockrell*, 232 U.S. at 153 (rejecting a claim of fraudulent joinder on the basis of a defense equally applicable as between the diverse defendant and non-diverse defendants); *Boyer,* 913 F.2d at 113 (finding *Cockrell* "directly applicable" and finding no fraudulent joinder where a defense of a release was "dispositive" as to both non-diverse and diverse defendants and the plaintiffs' arguments that the release was invalid "involve[d] identical legal and factual issues"); *Shadie v. Aventis Pasteur*, *Inc.*, 254 F. Supp. 2d 509, 520 (M.D. Pa. 2003) ("Fraudulent joinder simply may not be premised on the meritorious nature of the defenses common to both diverse and non-diverse defendants.").

For all of the reasons discussed herein, the Court finds that this case must be remanded to the Superior Court.[7]

---

[7] Plaintiff also argues that the Notice of Removal was procedurally defective because PM USA failed to obtain consent from the Retailers prior to removal in accordance with 28 U.S.C. § 1446 (b)(2)(A). (Dkt. No. 12 at 20). Because the Court has determined that it lacks subject matter jurisdiction for the reasons stated above, the Court finds it unnecessary to address that argument.

## IV. CONCLUSION

In view of the foregoing, the Court concludes that Defendant PM USA has failed to carry its heavy burden of establishing fraudulent joinder. Because Plaintiff and the Retailers are Virgin Islands citizens, diversity jurisdiction is defeated. As a result, the Court lacks subject matter jurisdiction, and the Court must remand this matter to the Superior Court of the Virgin Islands. Accordingly, the Court will grant Plaintiff's Motion to Remand.

An appropriate Order accompanies this Memorandum Opinion.

Date: September 4, 2022                    _____/s/_____
                                           WILMA A. LEWIS
                                           District Judge